Robert R. Parker, Jr., LL. B
111 SE Fifth Avenue, Suite 3150
Portland, OR 97204
503-444-3417
robert@robertparkerlawoffices.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael L. Quiel<br>Plaintiff, | )<br>)  Civil action No. 2:22-CV-02175<br>) |
| vs. | )<br>) FIRST AMENDED COMPLAINT:<br>)  MALICIOUS PROSECUTION, |
| United States of America, Internal<br>Revenue Service,<br>Cheryl Bradley, in both individual<br>and representative capacity<br>Monica Edelstein, in both her individual<br>and representative capacity,<br>David Stockwell, in his individual<br>and representative capacity,<br>Christopher Rusch, now known as (n/k/a)<br>Christian Reeves, John Doe, Jane Does 1-10<br>Defendants<br>_____/ | )  ABUSE OF PROCESS,<br>)  TORTIOUS INTERFERENCE,<br>)  RICO<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

COMES NOW Plaintiff Michael L. Quiel, by and through his undersigned counsel, Robert

R. Parker, Jr., and for his Complaint against the defendants, shows the court as follows:

### JURISDICTION

1.

This matter is premised on 28 USC 1331, 28 USC 1343(a)(3), 18 USC 1961, et seq., and

this Court's pendant and ancillary jurisdiction to entertain state law-based claims in conjunction with causes of action premised on federal law consistent with **Smith v. Kansas City Title & Trust**, 155 U.S. 180 (1920).

2.

In the absence of a statutory prohibition or an exclusive statutory remedy, the United States Constitution supports a private cause of action against federal officials acting under color of their authority for their constitutional torts consistent with **Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics**, 403 U.S. 388 (1971).

**PARTIES**:

3.

Plaintiff, Michael L. Quiel, is a citizen of the United States of America and a resident of the State of Arizona.

4.

Defendant Internal Revenue Service is a statutorily created agency of the United States government and can be served with the summons and complaint upon the Attorney General for the United States or his lawful designates.

5.

Defendant Cheryl Bradley, who, upon information and belief is citizen of the United States and at the time herein complained was then and is now, an agent and/or employee of Defendant IRS, whose actual residency is presently unknown.  This defendant can be served with the Summons and Complaint at her office, her home or wherever she is found

2. RICO, RICO CONSPIRACY, MALICIOUS PROSECUTION, ABUSE OF PROCESS, TORTIOUS INTERFERENCE

within the State of Arizona.

6.

Defendant Monica Edelstein, who, upon information and belief is a citizen of the United States and at the time herein complained was then an Assistant United States Attorney whose actual residency is presently unknown. This defendant can be served at her office, her home or wherever she is found within the State of Arizona.

7.

Defendant David Stockwell, who upon information and belief is a citizen of the United States and at all times complained of herein was an Assistant United States Attorney whose actual residency is presently unknown. This defendant can be served at his office, his home or wherever he is found within the State of Arizona.

8.

Defendant Christopher Rusch, now known as Christian Reeves, is a citizen of the United States who previously served as attorney of record for Plaintiff in the incidents giving rise to the instant causes of action set forth herein.

9.

Upon information and belief this particular defendant has secreted himself within and without the United States and Plaintiff seeks leave to serve said defendant by publication according to law.

10.

John and Jane Doe 1-10 are, upon information and belief, actual agents and/or employees

3. RICO, RICO CONSPIRACY, MALICIOUS PROSECUTION, ABUSE OF PROCESS, TORTIOUS INTERFERENCE

of the Internal Revenue Service or who were in active complicity with the IRS and U.S. Attorney's offices whose identities are presently unknown to the Plaintiff but will be supplemented upon ascertaining same.

**VENUE**:

11.

Venue is premised upon 28 USC 1391(b)(2), et seq.

**FACTS:**

12.

Plaintiff was the unfortunate victim of an ill-conceived internal investigation by IRS agents Giovanelli and Mead in conjunction with Doe Defendants 1-10 as part of the government's attempt to identify and crack down on U.S. Citizens who held foreign bank accounts and who, for whatever reason, failed to register and/or report same as required by law.

13.

Sometime during 2006, Plaintiff and his business partner sought to expand their business activities and in the process of researching varied avenues to assist in accomplishing that objective met and subsequently retained Attorney Rusch/Reeves who was licensed to practice law in the State of California.

14.

Attorney Rusch/Reeves held himself out as a specialist in the formation and structure of international corporate entities that would be compliant with federal tax and banking laws and the laws of the foreign country that said corporate entities would be formed and

4. RICO, RICO CONSPIRACY, MALICIOUS PROSECUTION, ABUSE OF PROCESS, TORTIOUS INTERFERENCE

operating.

15.

Plaintiff and his business partner, after retaining Attorney Rusch/Reeves, were asked to provide personal identifying information including their passports which Attorney Rusch/Reeves lied to Plaintiff in the explanation provided as the justification for the need of his passport and other personal identifying information.

16.

Unbeknownst to Plaintiff, Attorney Rusch/Reeves and another person that was involved with Attorney Rusch/Reeves, (but at that time unknown to Plaintiff), intentionally engaged in unlawful identify theft and impersonated Plaintiff and his business partner in the opening of foreign bank accounts that subsequently served as the basis for the illegal actions by defendants herein.

17.

Attorney Rusch/Reeves and his unknown companion, believed to be named "Gabris" opened both Legacy and Swiss International and Rusch/Reeves told Plaintiff, in his capacity of Plaintiff's attorney that there was no FBAR exposure or consequences for the Plaintiff regarding the formation of the foreign corporate entities one of which was a foreign bank which was to be formed for investment type business in Switzerland.

18.

That unbeknownst to Plaintiff, attorney Rusch/Reeves and Gabris, upon information and belief were engaged in their own separate project of opening foreign accounts in the names

5. RICO, RICO CONSPIRACY, MALICIOUS PROSECUTION, ABUSE OF PROCESS, TORTIOUS INTERFERENCE

of others who had no knowledge of what was taking place and then siphoning funds and other resources diverting said funds to themselves and leaving all tax and related consequences for the unwitting clients, such as Plaintiff to address.

19.

During the years 2007, 2008, 2009, 2010 and up until Rusch/Reeves testified at trial Rusch/Reeves was responsible for advising Plaintiff with respect to FBAR applicability and compliance.  Defendant Rusch/Reeves had informed Plaintiff that he had no FBAR exposure, while simultaneously failing to inform the Plaintiff of the Swiss bank accounts that Rusch/Reeves had illegally set up by engaging in identity fraud using the personal identification of the Plaintiff (without his knowledge or authorization).

20.

Plaintiff, at the direction of Rusch/Reeves as his attorney, did comply with FBAR requirements on his accounts in Belize as required by law.  However, defendant Rusch/Reeves specifically failed to disclose or otherwise tell the Plaintiff about the Swiss Accounts that defendant Rusch/Reeves had fraudulently opened by committing identity theft with the Plaintiff being victimized without any knowledge of this defendant's sordid misconduct which included defendant's misrepresentations to the Plaintiff that he did not have to report the Swiss Accounts.

21.

That Plaintiff's understanding, based on the representations made by defendant Rusch/Reeves, that the Plaintiff was only investing in four (4%) percent equity of

6. RICO, RICO CONSPIRACY, MALICIOUS PROSECUTION, ABUSE OF PROCESS, TORTIOUS INTERFERENCE

defendant Rusch/Reeves foreign bank venture.  Upon the advice of counsel, Plaintiff was informed that he was not required to report this limited 4% ownership in a foreign entity. Since Plaintiff's participation in this venture was limited to the 4% which defendant Rusch/Reeves advised Plaintiff that his investment did not meet the requirement for reporting. This occurred when said defendant was thought to be operating as Plaintiff's tax attorney and adviser and not as an undisclosed agent for the IRS defendants.

22.

After the foregoing, or upon information and belief, during the time that attorney Rusch/Reeves was actively advising the Plaintiff, agents of the IRS approached attorney Rusch/Reeves, who was a person of interest in an active IRS investigation.  Defendant Rusch/Reeves, in violation of attorney client privilege, met with IRS agents and delivered documents to them, in his efforts to curry favor for himself.

23.

Attorney Rusch/Reeves in violation of attorney client privilege, falsely implicated the Plaintiff and his business partner in the schemes and artifices that Rusch/Reeves had created, without knowledge of the Plaintiff, to curry favor for himself and the criminal exposure that he then faced.

24.

Plaintiff was subsequently indicted and tried on several counts including purported FBAR violations for the Swiss accounts that had been opened, in his name by the unlawful utilization of Plaintiff's personal information, by his attorney.

7. RICO, RICO CONSPIRACY, MALICIOUS PROSECUTION, ABUSE OF PROCESS, TORTIOUS INTERFERENCE

25.

That defendants Rusch/Reeves and Bradley gave false testimony, under oath at trial in coordination with the ultra vires prosecution of the Plaintiff by defendants.

26.

Their perjurious testimony is borne out in transcripts and documents contained in the evidence presented at trial and is indisputable as to the 2006 IRS audit of Plaintiff for tax years 2000 thru 2003.  It is further indisputable that defendant Bradley was the IRS auditor and defendant Rusch/Reeves acted as Plaintiff's attorney and tax preparer of all amended returns and documents submitted to the IRS which will prove 100% that defendants Bradley, Rusch/Reeves and Edlestein acted with actual malice and conspired to present perjured testimony to the Court and jury, under oath resulting in the erroneous conviction of the Plaintiff.

27.

The foregoing was accomplished by additional skullduggery by denying Plaintiff access to his Master IRS file which contains the evidence necessary to prove the foregoing assertions.  The Plaintiff was deprived of his Master IRS files even though they were requested by numerous FOIA Requests over a seven (7) year period and not provided to the Plaintiff until 2020 after he had served several months of being wrongfully prosecuted, erroneously convicted and needlessly incarcerated.

28.

The jury in Plaintiff's criminal trial did not return verdicts on the alleged FBAR violations

8. RICO, RICO CONSPIRACY, MALICIOUS PROSECUTION, ABUSE OF PROCESS, TORTIOUS INTERFERENCE

and Plaintiff was acquitted on the most serious charge of conspiracy. Unfortunately, however, Plaintiff was wrongfully convicted of filing two (2) false tax returns, for the years 2007 and 2008 which defendant Rusch/Reeves had advised Plaintiff which defendant's perjured testimony was premised and presented by defendant Edelstein at trial.

29.

The actions of Defendants Rusch/Reeves, Bradley, Edelstein, Giovanelli and Doe Defendants 1-10 are not to be accorded any form of qualified immunity as their actions violated clearly established statutory and/or constitutional rights of which a reasonable person would have known.

30.

The Defendants have engaged and have continued to engage in a continuing tort by virtue of the civil actions premised on the criminal case regarding the purported FBAR violations which militates against the expiration of any statute of limitations with respect to the causes of action asserted herein.

**COUNT I**

**RICO VIOLATIONS**:

Plaintiff repeats and re-alleges paragraphs 12 through 30, as if fully set forth herein in full and further complains of the defendants, each and all of them, as follows:

31.

At all relevant times, Defendants, both named and fictitiously named, were "persons" within the meaning of RICO 18 USC 1961(3) and 1962(c).

9. RICO, RICO CONSPIRACY, MALICIOUS PROSECUTION, ABUSE OF PROCESS, TORTIOUS INTERFERENCE

32.

At all relevant times, the defendant parties formed an association in fact for the purpose of engaging in the conduct complained of herein and this association in fact was and is an "enterprise" within the meaning of RICO 18 USC 1961(4).

33.

At all relevant times, this enterprise comprised of the defendants herein, was engaged in, and its activities affected interstate commerce, within the meaning of RICO 18 USC 1962(c).

34.

At all relevant times the defendants herein and others presently unknown to Plaintiff, associated with this enterprise and conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a "pattern of racketeering activity" within the meaning of RICO, 18 USC 1961(5) in violation of RICO, 18 USC 1962(c).

35.

Specifically, at all relevant times, defendants and the other co-conspirators, presently unknown to Plaintiff, engaged in "racketeering activity" within the meaning of 18 USC 1961(1) by engaging in the acts set forth herein.

36.

The acts set forth above constitute a violation of one or more of the following statutes: the state law extortion statute as set forth in RICO 18, USC 1961 (1)(A);18 USC 1341 (mail fraud); 18 USC 1343 (wire fraud); 18 USC 1344 (financial institution fraud); 18 USC 1503

10. RICO, RICO CONSPIRACY, MALICIOUS PROSECUTION, ABUSE OF PROCESS, TORTIOUS INTERFERENCE

(obstruction of justice); 18 USC 1513 (retaliating against a witness, victim or informant); 18 USC 1951 (interference with interstate commerce and extortion).

37.

Defendants, through utilization of their respective offices, staff and influence, with the assistance and participation of others presently unknown to Plaintiff, each committed and/or aided and abetted the commission of two or more of these acts of racketeering activity.

38.

The acts of racketeering activity referred to herein constitutes a "pattern of racketeering activity" within the meaning of RICO, 18 USC 1961(5).  The acts alleged were related to each other by virtue of common participants, common  victim the Plaintiff, who has been similarly prosecuted under the criminal laws of the United States in and for the District of Arizona and having a common method of commission, with the common purpose and common result of depriving Plaintiff of his liberty interest through the unconstitutional utilization of the federal criminal justice system for an alleged failure to report an FBAR obligation which was  known to defendants to have been perpetrated by the former attorney for the Plaintiff who was currying favor with Defendants for his own purposes in violation of all aspects of the attorney client privilege.

39.

The pattern of racketeering activity has continued, unabated, since its inception and is threatened to continue  longer but for the institution of this action to enjoin the

11.  RICO, RICO CONSPIRACY, MALICIOUS PROSECUTION, ABUSE OF PROCESS, TORTIOUS INTERFERENCE

constitutionally impermissible conduct of the defendants herein.

40.

The Plaintiff has been and continues to be irreparably damaged by the acts and conduct complained of herein at the hands of defendants.

**COUNT II**

**RICO CONSPIRACY**

Plaintiff repeats and re-alleges paragraphs 12 through 40, as if fully set forth herein in full and further complains of the defendants, each and all of them, as follows:

41.

At all relevant times, Plaintiff was a "person" within the meaning of RICO, 18 USC 1961(3) and 1964(c).

42.

At all relevant times, defendants, each of them, were a "person" within the meaning of RICO, 18 USC 1961(3) and 1964(c).

43.

At all relevant times, defendants had formed an association-in-fact for the purpose of engaging in the conduct complained of herein.  This association-in-fact was and is, an "enterprise" within the meaning of RICO, 18 USC 1962(c).

44.

As set forth in the paragraphs 7 through 43, defendants, each and all of them, individually

12. RICO, RICO CONSPIRACY, MALICIOUS PROSECUTION, ABUSE OF PROCESS, TORTIOUS INTERFERENCE

and collectively, associated with this enterprise and conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a "pattern of racketeering activity" within the meaning of RICO, 18, USC 1961(5), in violation of RICO, 18 USC 1962(c).

45.

At all relevant times, defendants and other co-conspirators, presently unknown to Plaintiff, were each and all associated with the enterprise and agreed and conspired to violate 18 USC 1962, that is, all defendants agreed to conduct and participate, directly and/or indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, in violation of 18 USC 1962(d).

46.

Defendants and their unknown co-conspirators, committed and caused to be committed a series of overt acts in furtherance of the Conspiracy and to affect the objects thereof, including but not limited to the acts set forth above and below.

47.

The conduct of the defendants and their unknown co-conspirators has had an adverse effect on interstate commerce and the Plaintiff has directly suffered irreparable harm and damage as the direct result and proximate cause thereof.

**COUNT III**

**<u>MALICIOUS PROSECUTION</u>**

13. RICO, RICO CONSPIRACY, MALICIOUS PROSECUTION, ABUSE OF PROCESS, TORTIOUS INTERFERENCE

Plaintiff repeats and realleges paragraphs 12-47 as if fully set forth herein verbatim and further complains of the Defendants herein as follows:

48.

Defendants initiated a criminal proceeding against the Plaintiff.

49.

That defendants lacked probable cause to proceed on any purported FBAR violations against the Plaintiff as they knew or in the exercise of reasonable diligence would have discovered the truth to show that Plaintiff was not in violation.

50.

That the initiation of the action for purported FBAR violations was done with malice to compel Plaintiff to acquiesce to other efforts of defendants which Plaintiff declined to do.

51.

That the proceedings on FBAR violations terminated in favor of the Plaintiff.

52.

Plaintiff has been irreparably damaged by the egregious misconduct of the defendants.

**COUNT IV**

**<u>WRONGFUL INSTITUTION OF CIVIL PROCESS</u>**:

Plaintiff repeats and realleges paragraphs 12-53 as if fully set forth herein verbatim and further complains of the Defendants herein as follows:

53.

Defendants initiated a civil proceeding against the Plaintiff.

14.  RICO,  RICO  CONSPIRACY,  MALICIOUS  PROSECUTION,  ABUSE  OF PROCESS, TORTIOUS INTERFERENCE

54.

That defendants lacked probable cause to proceed against the Plaintiff.

55.

That the initiation of the action was done in malice in an effort to compel Plaintiff to acquiesce to other efforts of defendants which Plaintiff declined to do.

56.

That the proceedings on FBAR violations terminated in favor of the Plaintiff.

57.

Plaintiff has been irreparably damaged by the egregious misconduct of the defendants.

**COUNT V**

**<u>TORTIOUS INTERFERENCE</u>**:

Plaintiff repeats and realleges paragraphs 12-57 as if fully set forth herein verbatim and further complains of the Defendants herein as follows:

58.

Plaintiff was lawfully engaged in his business activities at the time that defendants improperly took action against him.

59.

Defendants were aware of the business activities of the Plaintiff at the time that they engaged in their wrongful acts complained of herein.

60.

Defendants' actions constituted an intentional interference that induced or caused the

15. RICO, RICO CONSPIRACY, MALICIOUS PROSECUTION, ABUSE OF PROCESS, TORTIOUS INTERFERENCE

cessation of several business transactions and contracts that Plaintiff was then engaged at the time that defendant's improper actions interfered with same.

61.

That as a direct result and proximate cause of the improper, ultra vires actions of the defendants, who were acting under color of federal law, Plaintiff has been and continues to be irreparably damaged thereby.

**WHEREFORE,** Plaintiff prays for a judgment against Defendants herein as follows:

a. That process issue and Defendants be made to defend in this matter.

b. That Plaintiff be granted a judgement on Count I of the Complaint against the Defendants in an amount not less than fifteen million ($15,000,000) dollars.

c. That Plaintiff be granted a judgment on Count II of the Complaint against the Defendants in an amount not less than fifteen million ($15,000,000) dollars.

d. That Plaintiff be granted a judgment on Count III of the Complaint against the Defendants in an amount not less than fifteen million ($15,000,000) dollars.

e. That Plaintiff be granted a judgment on Count IV of the Complaint against the Defendants in an amount not less than fifteen million ($15,000,000) dollars.

f. That Plaintiff be granted a judgment on Count V of the Complaint against the Defendants in an amount not less than fifteen million ($15,000,000) dollars.

g. That Plaintiff be granted the benefit of the statutory triple damage component for Counts I and II according to law.

h. That Plaintiff be granted attorney fees and costs associated with the prosecution of

16. RICO, RICO CONSPIRACY, MALICIOUS PROSECUTION, ABUSE OF PROCESS, TORTIOUS INTERFERENCE

this matter.

  i. That Plaintiff be granted all such other relief that this Court deem just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY OF ALL FACT ISSUES**:

Dated this 28th day of December 2022.

Respectfully submitted,

**LAW OFFICE OF ROBERT R. PARKER, JR., LL. B., LLC**

**/s/ Robert R. Parker, Jr.**

_____
By: Robert R. Parker, Jr.
OSB Number 216437
Attorney for Plaintiff

17. RICO, RICO CONSPIRACY, MALICIOUS PROSECUTION, ABUSE OF PROCESS, TORTIOUS INTERFERENCE